ACCEPTED
2012-68212
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/25/2015 10:34:36 AM
CHRISTOPHER PRINE
CLERK

## Case No. 01-15-00257-CV

IN THE COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/25/2015 10:34:36 AM
CHRISTOPHER A. PRINE
~~Clerk~~

### VANESSA ANDERSON,

### Plaintiff/Appellant,

### v.

### AMERICAN RISK INSURANCE COMPANY, INC.,

### Defendant/Appellee.

### ON APPEAL FROM CAUSE NO. 2012-68212
### 295TH DISTRICT, HARRIS COUNTY, TEXAS

### BRIEF OF APPELLANT

Prepared and Submitted by:
Scott G. Hunziker
The Voss Law Firm, P.C.
26619 Interstate 45 South
The Woodlands, Texas 77380
(713) 861-0015 Telephone
(713) 861-0021 Facsimile
Scott@VossLawFirm.com
*Attorney for Plaintiff/Appellant*

### ORAL ARGUMENT REQUESTED

1

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed individuals and entities have an interest in the outcome of this case.

**APPELLANT:**

Vanessa Anderson

**APPELLANT'S TRIAL AND APPELLATE ATTORNEY:**

Scott G. Hunziker
The Voss Law Firm, P.C.
26619 Interstate 45 South
The Woodlands, Texas 77380
Email:  Scott@VossLawFirm.com
Telephone:  (713) 861-0015
Facsimile: (713) 861-0121

**APPELLEE:**    American Risk Insurance Company, Inc.

**APPELLEE'S TRIAL AND APPELLATE ATTORNEY:**

George Arnold
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway Ste. 1600
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile (713)403-8299

## SUMMARY OF THE CASE AND
## REQUEST FOR ORAL ARGUMENT

The outcome of this appeal will genuinely affect the lives of policyholders across Texas who own homes and businesses alike. Appellant, Vanessa Anderson, suffered incredible structural damage to her residential property (the "Property") due to a tree falling upon and literally splitting her home in half. Worse yet, although Appellee, her own carrier, systematically collected premiums from Ms. Anderson, it nevertheless underpaid policy proceeds and abandoned its own insured when tragedy struck and coverage was clear. Adding to the above, payment was (and remains) desperately needed by Appellant to repair the Property, which still has not been fully restored as a result of Appellee's conduct.

From the outset of Appellant's claim, Appellee not only delayed and denied payment to Ms. Anderson on her loss, but then sought to additionally deny justice to its insured once more through a hollow motion for summary judgment, aimed at all of Appellant's claims and causes of action. This was filed immediately after the completion of the appraisal process, which Appellee conveniently waited to invoke until after Appellant was forced to hire a lawyer, incur undue costs, and initiate a lawsuit in order to survive. However, as can be seen from the evidence supplied to the Trial Court during the summary judgment process, material issues of fact existed, and summary judgment was granted in error. The same must now be reversed if justice is to prevail.

# TABLE OF CONTENTS

Certificate of Interested Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Summary of the Case and Request for Oral Argument  . . . . . . . .  3

Table of Authorities & Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Statement of the Jurisdiction  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Procedural Background  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Statement of the Issues  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Statement of the Case  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Summary of the Argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

A.     Applicable Standard of Review Demonstrates Summary
       Judgment Must be Reversed . . . . . . . . . . . . . . . . . . . . . . . . .  10

B.     The Trial Court Erred in Granting Summary Judgment in
       Favor of the Appellee, as Material Issues of Fact Clearly
       Existed in this Matter as to all Appellant's Claims and Causes
       of Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

C.     The Trial Court Erred in Granting Summary Judgment in
       Favor of the Appellee, as Texas Law Has Recognized that
       Payment of an Appraisal Award Does Not at all Preclude a
       Policy Holder From Proceeding to Trial on Certain of the
       Claims Within the Subject Litigation . . . . . . . . . . . . . . . . . . .  16

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . ....  23

# TABLE OF AUTHORITIES

## Cases

*Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997) . . . . . 10

*City of Keller v. Wilson,* 168 S.W.3d 802, 816 (Tex. 2005) . . . . . . . . . 10, 12

*Cmty. Initiatives, Inc. v. Chase Bank,* 153 S.W.3d 270, 280
 (Tex. App.–El Paso 2004, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Joe v. Two Thirty Nine Joint Venture,*
145 S.W.3d 150, 157 (Tex. 2004)(emphasis supplied) . . . . . . . . . . . . . 10

*Lowe's Home Ctrs., Inc. v. GSW Mktg., Inc.,* 293 S.W.3d 283, 287
(Tex. App.–Houston [14th Dist.] 2009, pet. denied). . . . . . . . . . . . . . . 11

*Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581-82 (Tex. 2006) . . 12

*Valence Opera-ting Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005) . 11

*Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 907
(Tex. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATEMENT OF THE JURISDICTION

The present appeal arises from a state court matter, originally pending before the 295th District of Harris County, Texas. As such, and because it was appealed directly to the Court of Appeals for the First District, this matter is properly before this Honorable Court.

## PROCEDURAL BACKGROUND

As stated in Appellant's Original Petition, Ms. Anderson sued at the Trial Court level for both contractual and extra-contractual remedies, due to the severe and continuing damages suffered by her, and specifically to her property, which made basis of said lawsuit. Appellant's present causes of action included contractual and extra-contractual claims for (1) breach of contract; (2) violations of the Texas Deceptive Trade Practices Act; (3) violations of the Texas Insurance Code; and (4) breach of the duty of good faith and fair dealing. As the Texas law supplied below will show, Appellant's extra-contractual claims against Appellee exist independently of its contractual cause of action, and are well-founded based upon Appellee's abhorrent conduct in this matter.

Specifically, after attempting yet failing to resolve this matter on her own, Appellant was forced to retain legal representation. Nevertheless, Appellee thereafter not only continued to delay and deny payment to Appellant, which endured for more than a year after the date of loss, but then predictably sought to invoke appraisal after an unsuccessful mediation. Notably, no other efforts by

Appellee to resolve this claim had been attempted since this matter was made, until after suit was filed and subsequent to an unsuccessful mediation. Appellee then filed the baseless motion for summary judgment, asking the Trial Court to to disregard its pattern of bad faith conduct. Accordingly, the resulting Court Order granting the same, and the accompanying Judgment reflecting this ruling, was a product of error and must be reversed.

## STATEMENT OF THE ISSUES

The following issues are subject of the present appeal, and require reversal of the Trial Court's Order granting summary judgment, as well as the resulting Final Judgment, as both were clearly derived in error:

A.    The Trial Court erred in granting summary judgment in favor of the Appellee, as material issues of fact clearly existed in this matter as to all Appellant's contractual and extra-contractual claims and causes of action, based upon Appellant's own sworn testimony, which speaks directly to the untoward conduct of the Appellee; and

B.    The Trial Court erred in granting summary judgment in favor of the Appellee, as Texas law has recognized that payment of an appraisal award does not at all preclude a policy holder from proceeding to trial on certain of its remaining claims within the subject litigation.

## STATEMENT OF THE CASE

This appeal involves a very simple matter, which is unencumbered by peripheral and unrelated issues. Simply put, a policy holder endured horrible conditions leading up to the underlying litigation, as to which she was forced to hire counsel to pursue. After her lawsuit began, the insurance company attempted to unduly preclude the ability of this Appellant to have her day in court by making an untimely invocation of the appraisal process. The same was ultimately allowed by the Trial Court, a finding which was erroneous in itself, yet the process ensued and ultimately, an award of additional funds was derived.

After the above exercises took place, the award funds were paid by the Appellee carrier, who then quickly moved for a summary judgment as to not only the contractual parts of Appellant's lawsuit, but also as to all extra-contractual causes of action, including but not limited to allegations under the Texas Insurance Code, Deceptive Trade Practices Act, as well as violations of the duties of good faith and fair dealing, to which it was incumbent upon the Appellee to adhere (both during the original claims process and throughout the litigation to follow). Summary Judgment was ultimately granted, in the face of the evidence showing what horrific circumstances led up to the same, thereby making this appeal necessary. Based upon the above-referenced facts, as well as existing opinions to the contrary by Texas courts, the Trial Court's Order granting summary judgment in favor of the Appellee must be reversed.

## SUMMARY OF THE ARGUMENT

The Trial Court's Order granting summary judgment on all contractual and extra-contractual claims advanced by the Appellant in this matter was derived in error due, to the circumstances leading up to the appraisal process. All of the same took place after Appellant was forced to hire counsel and proceed into litigation. Essentially, Appellant was treated horribly at worst, and unprofessionally at best, by its own insurance company, during the months subsequent to a large tree literally falling onto her home and cutting her residence in two. All such facts show that this matter must proceed to trial as to both contractual and extra-contractual portions of this case.

Moreover, recent opinions from the United States District Court for the Northern District of Texas - Dallas Division, agree that even upon payment of an appraisal award in full, certain of Appellant's causes of action survive. In the present case, claims were made under these exact tenents of Texas Law, including the Deceptive Trade Practices Act and the Texas Insurance Code. As the referenced opinion speaks to these exact causes of action, the same should be allowed to proceed to trial, and the Trial Court's Order granting summary judgment to these specific parts of the litigation must be reversed in its entirety, and remanded to the Trial Court for a full trial on the merits.

## ARGUMENT

As will be shown below, the rudiments of Texas law in regard to the granting of sumamry judgment, taken in light of the facts at issue in the presnt matter, make it clear that no summary judgment should ever have been granted in this case. Accordingly, both the Order granting the same, as well as the final Judgment based thereon, were derived at in error and now must be reversed as to the causes of action specified and addressed below.

**A.      The Applicable Standard of Review Demonstrates That Summary Judgment Must be Reversed.**

Under Texas law, regardless of whether a movant seeks summary judgment on a traditional basis or on no-evidence grounds, the reviewing court is to apply the standard of review appropriate for each type of summary judgment, taking as true all evidence favorable to the non-movant and indulging every reasonable inference and resolving any doubts in the non-movant's favor. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004)(emphasis supplied).   In a traditional motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

Specifically, to be entitled to traditional summary judgment, a Defendant must conclusively negate at least one essential element of each of the Plaintiff's causes of action or conclusively establish each element of an affirmative defense.

10

*Id.* Moreover, evidence is conclusive only if reasonable people could not differ in their conclusions. City of *Keller v. Wilson,* 168 S.W.3d 802, 816 (Tex. 2005). Once the Defendant establishes its right to summary judgment as a matter of law, the burden shifts to the Plaintiff to present evidence raising a genuine issue of material fact. *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex. 1982). Finally, rulings on summary judgments are reviewed de novo on appeal. *Valence Opera-ting Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005) (emphasis added).

In a no-evidence summary judgment, the movant must show that there is absolutely no evidence of one or more essential elements of the claims for which the non-movant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Lowe's Home Ctrs., Inc. v. GSW Mktg., Inc.,* 293 S.W.3d 283, 287 (Tex. App.–Houston [14th Dist.] 2009, pet. denied). A no-evidence summary judgment may be granted when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Lowe's,* 298 S.W.3d at 287-88 (citing *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997)).

"Evidence does not exceed a scintilla if it is 'so weak as to do no more than create a mere surmise or suspicion'" that the challenged fact exists. *Akin, Gump,*

11

*Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009) (quoting Kroger Tex. L.P. v. Subaru, 216 S.W.3d 788, 793 (Tex. 2006). <u>Once again, within this particular context, rulings on summary judgments are reviewed de novo on appeal</u>. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (emphasis added).

Continuing, a non-moving party is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." Tex. R. Civ. P. 166a (Notes & Comments 1997). The non-movant must only point to some, but not all, evidence supporting challenged elements. *Cmty. Initiatives, Inc. v. Chase Bank,* 153 S.W.3d 270, 280 (Tex. App.–El Paso 2004, no pet.). In addition, a no-evidence summary judgment motion is essentially a motion for a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581-82 (Tex. 2006). The reviewing court is required to apply the same legal sufficiency standard of review that is applied when reviewing a directed verdict. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005).

Further, the reviewing court is required to review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d at 425, 426 (Tex. 2008) (citing *City of Keller*, 168 S.W.3d at 822). Ultimately, the court views the summary judgment evidence in the light most favorable to the party against whom summary judgment is sought, crediting evidence favorable to that party if

reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Mack Trucks,* 206 S.W.3d at 582; *City of Keller*, 168 S.W.3d at 822.

**B.** **The Trial Court Erred in Granting Summary Judgment in Favor of the Appellee, as Material Issues of Fact Clearly Existed in this Matter as to all Appellant's Claims and Causes of Action**.

The affidavit testimony of Vanessa Anderson shows exactly why summary judgment must be reversed. On June 12, 2012 at approximately 5:30 p.m., Appellant called the American Risk Insurance Company claims department after receiving a call from her father informing her that a tree fell through her house. When the stormed happened, Appellant's brother, Sean Anderson, was present in Appellant's son's room, just before an enormous tree literally crashed through that exact room. Sean was able to make it to the hallway safely and saw water gushing out of the hallway bathroom because it too, had been crushed.

After several attempts, Sean was unable to reach Appellant because there was no cellular service. Appellant's brother was finally able to reach Appellant's father, Michael Anderson. Appellant's father then called to let Appellant know her house was damaged. Appellant called her insurance company to report the claim, but reached an answering service. A representative informed Appellant that someone would be in contact with her. *See* Tab "1" para. 2. On June 12, 2012 at approximately 7:00 p.m. Appellant arrived at her house and it was still raining. Her neighbor, Cathy Vantreese, already had a tree company removing the tree that

had punctured her garage and already had a tarp in place to cover the holes to prevent further damage. *See* Tab "1" at para. 2.

June 12, 2012, at approximately 7:30 p.m., Appellant called the claims department again to tell them that she had no running water or electricity, and asked what she was suppose to do. Appellant, who is a single mom and did not have the funds to relocate, expressed her frustration with the situation and the fact that she was faced with an emergency, and still was not able to talk to anyone at American Risk. Despite the damage suffered to Appellant's home, her house did not get tarped that evening, but instead it remained open, risking both further structural damage as well as the possibility of having her property stolen. *See* Tab "1" at para. 4.

On June 13, 2012, and after not receiving a return call from American Risk, Appellant called their office once they opened and she spoke to Chad Pleasant. Mr. Pleasant was not even aware that Appellant had event called the answering service the night before with an emergency. Mr. Pleasant didn't ask Appellant if she was okay, and never informed her of what steps were required to protect the home. Mr. Pleasant told Appellant that someone would be out to the home in a few days. *See* Tab "1" at para. 5.

Appellant also inquired about money to secure a temporary place to live since her home was so badly damage. She told Mr. Pleasant that she was a single mother who didn't have the money to cover the unexpected expenses. Appellant

14

was told she would have to submit any receipts and that she would be held responsible for any further damage to her property. Mr. Pleasant told Appellant he would call her back right away, but he did not promptly return her call, as promised. Accordingly, despite all her referenced efforts, Appellant still had no answers from the insurance company, still had a tree though the roof of her home and nowhere to live. *See* Tab "1" at para. 5.

Appellant submitted receipts to her insurance carrier as requested. However, the reimbursements were severely delayed and caused a financial strain on her and her family. Had she been told this from the beginning, and after having been displaced from her home for four (4) months, she could have rented an apartment that was affordable. Accordingly, Appellant was finally forced to sign a short term lease at The Marquis at The Woodlands from August 11, 2012 until October 10, 2012. During this time, Appellant accrued late fees because American Risk was slow to reimburse her, although she was very prompt in submitting her receipts. *See* Tab "1" at para. 6 and 7.

Appellant also submitted e-mails containing the date and time of alternative living expenses, pictures of the damage to the house and personal belongings, and a video of damage done to her home, which showed that her neighbor had workers tarping the garage. She also videoed that no was was working at her property on that day. Appellant was not able to reach a live person at American Risk on the day

15

of the damage, and was merely told by the answering service that she would receive a return call. *See* Tab "1" at para. 8.

Ultimately, Appellant received very little to no response from American Risk. There are still unpaid debts owed to relatives for loans, to the apartment complex, and to the utility companies. Clearly, Ms. Anderson has outstanding debt from Appellee's conduct, and now, her credit is in jeopardy. *See* Tab "1" at para. 9.

Based upon the abundance of proper and timely evidence submitted above, it is clear that material issues of fact exist regarding Appellant's claims. Appellee was therefore not entitled to summary judgment relief granted by the Trial Court. Accordingly, and based upon the arguments and authority set forth below, the Trial Court's granting of Appellee's Summary Judgment must be reversed in its entirety.

**C.** **The Trial Court Erred in Granting Summary Judgment in Favor of the Appellee, as Texas Law has Recognized That Payment of an Appraisal Award Does Not Preclude a Policy Holder From Proceeding to Trial on Certain of the Claims Within the Subject Litigation.**

Clearly, Appellant has made a colorable claim for extra-contractual damages in this matter, under both the Deceptive Trade Practices Act, and pursuant to both Chapters 541 and 542 of the Texas Insurance Code, based upon the evidence submitted herewith. Under the strict provisions of the DTPA, as it relates to violations under the Texas Insurance Code, the law provides that "[i]n an action for violation of chapter 541, the Appellant can recover additional damages. *See* Sec. 541.152(b), Tex. Ins. Code. Specifically, "[t]he total damages may amount to up to

16

three times the amount of actual damages. *See id.* Moreover, "[i]n an action for violation of chapter 542, the Appellant can recover statutory damages of 18% per year on the amount of the claim. *See* Sec. 542.060(b), Tex. Ins. Code.

Moving forward, the same arguments, couched in long-standing case law, applies to the extra-contractual and penalty-based remedies also sought by Appellant. Under the strict provisions of the DTPA, as it relates to violations under the Texas Insurance Code, the law provides that "[i]n an action for violation of chapter 541, the Appellant can recover additional damages. *See* Sec. 541.152(b), Tex. Ins. Code. Specifically, "[t]he total damages may amount to up to three times the amount of actual damages. *See id.* Moreover, "[i]n an action for violation of chapter 542, the Appellant can recover statutory damages of 18% per year on the amount of the claim. *See* Sec. 542.060(b), Tex. Ins. Code.

Moving forward, Appellant contends that Appellee breached their duty of good faith and fair dealing by failing to take many of the actions required by the Texas Insurance Code. As discussed above, in this case, Appellant has at least raised a fact issue as to Appellee's breach of the Policy, numerous statutory violations, and bad faith. This is, at a minimum, certain evidence of bad faith and unreasonable investigation practices by Appellee, which defeats summary judgment. As Appellant has presented proper evidence of Appellee's breach of the duty of good faith and fair dealing, Appellee was never entitled to summary judgment, and the same must be reversed accordingly.

Adding to the above, Under Texas law, Section 542.054 of the Texas Insurance Code states "this Subchapter shall be liberally construed to promote the prompt payment of insurance claims." *See Tex. Ins. Code Ann.* § 542.054 (Vernon Supp. 2010). Specifically, Chapter 542 requires insurers to promptly investigate claims, promptly request additional information, promptly make payments, and promptly provide explanations for non payment within the time periods prescribed by the rules. *See id.; See also Tex. Ins. Code* §§ 542.055, 542.056, 542.057.

Based on both the letter and the spirit of the above, <u>it is absolutely patently unreasonable for an insurer to argue that it is in compliance with a prompt payment provision of the Insurance Code if it has failed to make any payments after conducting an investigation and evaluation</u>. Appellee was therefore not in compliance with the liberal construction of Subchapter 542, especially if read in conjunction with the "fair and equitable" requirements of Chapter 541, which is also to be liberally construed. In fact, Appellee failed to make any payments to Appellant until the completion of the appraisal process. Therefore, the evidence presented in this matter clearly raises genuine issues of material fact as to whether Appellee violated these provisions. Accordingly, this Court must reverse the Trial Court's granting of Appellee's Summary Judgment in its entirety.

Regarding Appellant's claims for attorneys fees, "in an action for deceptive insurance practices, the [Appellant] . . . can recover attorneys fees." *See* Sec. 541.152(a)(1), Tex. Ins. Code. Finally, in an action for violation of Section 542 of

18

the Texas Insurance Code, the Appellant can also recover reasonable attorneys fees. *See* Sec. 542.060(b), Tex. Ins. Code. As evidence exists in the present matter to allow for all such causes of action to proceed past summary judgment, the Trial Court's granting of Appellees' motion must be reversed in this regard.

Objectively, all such claims allow for an Appellant to recover attorneys fees and penalty damages. "In an action for breach of contract, the parties may be entitled to reasonable attorney fees . . . ." *See* Sec. 18.001, Tex. Civ. Prac. & Rem. Code. Moreover, "under the DTPA, each prevailing Appellant must be awarded reasonable and necessary attorney fees and costs . . . ." *See* Sec. 17.50(c), Tex. Bus. & Com. Code.

In addition to the above, this issue was also squarely addressed in the matter of *Kenneth Graber vs. State Farm Lloyds*, Case No. 3:13-cv-2671-B, pending before the Honorable Jane J. Boyle, in the United States District Court for the Northern District of Texas - Dallas Division. In *Graber*, State Farm argued that because it timely paid an appraisal award in full, that all contractual and extra-contractual damages were eliminated as a matter of course. However, the Court disagreed, concluding "that State Farm's fully and timely payment of the appraisal award" does not preclude certain of Appellant's remaining claims. The Court further concluded that State Farm's payment of the appraisal award also fails to preclude Appellant from continuing to trial on certain of its extra-contractual claims, including "Appellant's claims under §541.061 of the Insurance Code,

§§17.50(a)(1) and (3) of the DPTA and the TPPCA. *See Graber* Memorandum Opinion and Order at pp. 18 and 19; *see also Graber* Order denying State Farm's Motion for Reconsideration. All such authority demonstrates that Appellant, who suffered miserably at the hands of Appellee, is due her day in Court.

## CONCLUSION

Appellant in this matter has brought forth an abundance of proper and timely summary judgment evidence to show that material issues of fact exist regarding all her causes of action under theories of contract, as well as bad faith and deceptive trade practices. Essentially, there are a litany of considerations to be made by a finder of fact as to each and every claim lodged by the Appellant in this matter against Appellee.

In light of all the above, and due to such abounding issues, it is simply an unjust and unfair outcome for Appellant to be deprived of a trial regarding the damages she suffered due to the actions (or inaction) of the Appellee. All such extra-contractual causes of action should therefore be allowed to proceed, and be presented to a jury of Appellant's peers, so that all such issues can be resolved justly and appropriately. Because of the same, based upon the well-founded Texas case law cited above, and as material issues of fact exist regarding all such claims, summary judgment in this matter must be reversed completely.

WHEREFORE, Appellant prays that this Honorable Court reverse the Trial Court's Final Judgment, and that this matter remanded to the Trial Court level for a full proceeding on the merits, and for all such further relief to which Appellant may be justly entitled.

Respectfully submitted,

*/s/ Scott G. Hunziker*
Scott G. Hunziker
Attorney-in-Charge
Texas Bar No. 24032446
Federal I.D. No. 38752

OF COUNSEL:
The Voss Law Firm, P.C.
26619 Interstate 45
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
scott@vosslawfirm.com

**ATTORNEYS FOR APPELLATE**

## CERTIFICATE OF COMPLIANCE WITH FED.R.APP.P. 32(a)

This brief complies with the type-volume limitation of Fed.R.App.P. 2(a) (7) (B)(iii) because this brief contains 4,775 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7) (B)(iii).

This brief complies with the preface requirements of Fed.R.App.P. 32(a) (5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2003 in 14-point Times New Roman font.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure on this 25th day of November, 2015.


George Arnold
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway Ste. 1600
Houston, Texas 77056
***Via Facsimile (713)403-8299***

*/s/ Scott G. Hunziker*

_____

Scott G. Hunziker